UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAROLYN A. GLEASON,

Plaintiff,

v.   No.3:08-cv-1172-J-12HTS

ROCHE LABORATORIES, INC.,

Defendant.

## ORDER

This cause is before the Court on the Plaintiff's "Motion for Remand ..." (Doc. 10) and the Defendant's Response in Opposition to Plaintiff's Motion for Remand (Doc. 12), filed January 2 and 16, 2009, respectively. The sole issue before the Court is whether this case meets the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332(a). For the reasons set forth below, the Court finds that the Defendant has demonstrated by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, and therefore will deny the Motion for Remand.

The Plaintiff filed her two-count Complaint (Doc.2) in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, asserting that she suffered retaliatory discharge of her employment with the Defendant on September 27, 2007, in violation of both the Florida Private Sector Whistle-Blower Act (Fla. Stat. §§ 448.101, *et seq.*) and the Florida Civil Rights Act (Fla. Stat. §§ 760.01, *et seq.*). Doc. 2 at ¶¶ 8-12. She seeks "damages in excess of ... $15,000 exclusive of costs, interest, and attorneys' fees." Doc. 2 at ¶ 5. She claims that "[a]s a direct and proximate result of [the Defendant's] violation of the Whistle-Blower Act [as described in her Complaint], [Plaintiff] has suffered lost

wages and benefits, severe emotional distress, emotional pain, suffering, inconvenience, mental anguish and non-pecuniary loss." Doc.2 at ¶ 64. She seeks relief in the form of actual damages for loss of wages and benefits, compensatory damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other relief as may be equitable and just. Doc. 2 at ¶ 65. With regard to her claim for violation of the Florida Civil Rights Act, the Plaintiff adds that she suffered damages in the form of loss of dignity, and seeks the additional relief of punitive damages. Doc. 2 at ¶¶ 73-74. Other than the two affidavits described below, the record contains no evidence regarding the amounts of damages the Plaintiff seeks in her Complaint (Doc. 2).

Whether a case is removable to federal court is determined on the basis of the Plaintiff's Complaint at the time of removal and any uncertainties regarding removal should be resolved in favor of the Plaintiff. See Burns v. Windsor, 31 F.3d 1092, 1095 (11th Cir. 1994). Because the amount of damages the Plaintiff seeks is not specified in the Complaint (Doc. 2), or otherwise apparent from its face, in order to defeat Plaintiff's Motion for Remand (Doc. 10), the burden is on the Defendant to establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). In determining the amount in controversy at the time the case was removed, the Court may consider the notice of removal, as well as relevant evidence submitted. Williams, 269 F.3d at 1319. The Plaintiff's failure to stipulate as to the amount in controversy, that is, to the total amount of damages she is seeking in this case, is a relevant, but not dispositive consideration in determining whether the case was properly removed. See Id. at 1320.

The Defendant's Notice of Removal (Doc. 1) and Defendant's Response in Opposition to Plaintiff's Motion for Remand (Doc.12) set forth the basis for the Defendant's contention that the amount in controversy requirement is met. The Defendant submits the Affidavit of Kristine Kratschmer (Doc. 1-3, Exhibit B) to demonstrate that the Plaintiff earned a salary of $118,275.46 in 2006 and $85,435.11 through the date of her termination in 2007. The affidavit does not estimate the value of the Plaintiff's benefits during those periods. The Defendant also submits the Affidavit of Helen A. Palladero (Doc. 12-2, Exhibit 1) to establish that Plaintiff's counsel would not agree to limit her damages to $75,000 or less.

As the Plaintiff was terminated on September 27, 2007, and the Notice of Removal (Doc. 1) was filed on December 5, 2008, the Court looks to that approximately 14-month period to estimate her lost wages for purposes of establishing the amount in controversy. Utilizing this information to estimate the Plaintiff's claim for lost wages establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000, not including interest and costs, inasmuch as the salary information provided by the Defendant establishes that in the year 2006, as well as in the partial year 2007, the Plaintiff earned in excess of the jurisdictional amount. Moreover, such estimate does not include any amounts she seeks for lost benefits, punitive damages (statutory cap of $100,000), compensatory damages, or attorneys' fees.[1]

---

[1] While not necessary in order to conclude that the Defendant has established that the jurisdictional amount in controversy is met by a preponderance of the evidence in this case, the Court notes that the record does not demonstrate that the Plaintiff seeks anything less than the full amount of the statutorily allowed punitive damages in this case ($100,000), and also because she is entitled to an award of attorneys' fees if she prevails, attorneys' fees for the entire case could be considered in

The Plaintiff asserts that the information provided by the Defendant does not provide a reliable basis for determining the amount in controversy because it does not include any estimate for mitigation of damages by replacement income, and any estimate regarding the other amounts of damages she seeks is entirely speculative. The Court agrees that an estimate regarding some of the components of damages, such as damages for emotional pain and suffering or attorneys' fees, would be wholly speculative due to the absence of evidence on the record before the Court, however, the record as it stands at this point in the proceedings contains *uncontradicted evidence* that the Plaintiff earned in excess of the jurisdictional amount in each of the two prior years before she was terminated and *no evidence* that Plaintiff is employed or has earned any income that would serve to reduce her claims for lost income. The only relevant evidence before the Court concerning the amount of the Plaintiff's lost wages is the Affidavit of Kristine Kratschmer regarding her past wages submitted by the Defendant.[2]

While it is inappropriate to speculate regarding the amounts of damages that the

---

determining the amount in controversy were relevant evidence to be submitted to establish such amount. See e.g., Cohen v. Office Depot, Inc., 204 F.3d 1069, 1079 (11th Cir. 2000)(attorneys' fees properly included in calculation of jurisdictional amount when statute provides for recovery of fees in case).

[2] The Court finds nothing in the cases cited by the Plaintiff in her Motion for Remand (Doc. 10 at pp. 6-11), that precludes the Court from considering the affidavits submitted by the Defendant in this case as relevant evidence to establish the amount in controversy. See, e.g., Lowery v. Alabama Power Company, 483 F.3d 1184 (11th Cir. 2007); Movie Gallery US, LLC v. Smith, 574 F. Supp. 2d 1244 (M.D. Ala. 2008). This case involves uncontested evidence of the Plaintiff's past wages, used by the Defendant to estimate the amount of the Plaintiff's lost wages to establish that the jurisdictional threshold is met by a preponderance of the evidence. The Court cannot find that the use of the affidavits in this case to establish the amount in controversy may be deemed speculative or otherwise unworthy of reliance for the purpose for which they were submitted.

Plaintiff might ultimately recover in this case were a jury to render a verdict, the Defendant has provided uncontradicted evidence regarding the Plaintiff's past wages that establishes that it is more likely than not that the amount in controversy requirement is met in this case, especially in light of the fact that such amount does not include amounts she seeks for lost benefits, compensatory damages, punitive damages, and attorneys' fees. The Court also finds that the fact that the Plaintiff has not stipulated that she seeks less than the jurisdictional amount in this case, nor has she provided evidence regarding mitigation of her lost wages, deserves some weight. The Court is of the opinion that the Defendant has shown by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, and therefore the Plaintiff's Motion for Remand (Doc. 10) will be denied. Accordingly, upon review of the matter, it is

**ORDERED AND ADJUDGED:**

That Plaintiff's "Motion for Remand ..." (Doc. 10) is denied.

**DONE AND ORDERED** this ___18th___ day of March 2009.

Howell W. Melton
Senior United States District Judge

Copies to:   Counsel of Record