UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CAROLYN A. GLEASON,

    Plaintiff,

vs.

Case No.: 3:08-cv-1172-J-20JRK

ROCHE LABORATORIES, INC.,

    Defendant.
_____/

## ORDER

Before this Court is Defendant's Motion for Bill of Costs (Doc. 122), Plaintiff's response (Doc. 125), and Defendant's reply (Doc. 129).

In the instant motion, Defendant requests that costs be awarded against Plaintiff in the amount of $11,109.95, for transcripts, photocopies, witnesses, court reporter fees, fees from the Clerk, and other expenses. Doc. 122-2. Federal Rule of Civil Procedure 54(d)(1) provides "costs--other than attorney's fees--shall be allowed to the prevailing party." 28 U.S.C. § 1920 itemizes the following list of costs that may be taxed:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplifications and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"[A]bsent explicit statutory or contractual authorization . . . federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

On June 20, 2011, a jury returned a verdict in favor of Defendant on Plaintiff's claim. While Plaintiff does not object to all of the fees listed in Defendant's itemized bill of costs, she argues that certain costs are not recoverable under the relevant statutes. Doc. 125 at 1. Plaintiff's objections will be addressed in turn.

## I. Court Reporter Appearance Fees

Plaintiff argues that § 1920 and Rule 54 "do not discuss appearance fees for court reporters at depositions," and therefore, Defendant's itemized "per diem" fee of $355.00 should not be permitted. Doc. 125 at 1-2. While some courts have declined to tax court reporter appearance fees since such fees are not specifically mentioned by the statute, *see, e.g., Dubon v. Delmas Meat and Fish*, No. 09-20298-CIV, 2010 WL 917402, at *3 (S.D. Fla. Mar. 11, 2010), others have determined that attendance fees of the court reporter or per diem costs in connection with depositions may be taxed when necessarily obtained for use in the case. *See, e.g., Powell v. The Home Depot, U.S.A., Inc.*, No. 07-80435-CIV, 2010 WL 4116488, at *9 (S.D. Fla. Sept. 14, 2010); *Ferguson v. Bombardier Servs. Corp.*, Nos. 8:03-cv-539-T-31DAB, 2007 WL 601921, at *4 (M.D. Fla. Feb. 21, 2007). This Court finds the reasoning in the latter line of cases, that attendance fees of the court reporter or per diem are part of the transcript fee, persuasive. Therefore, pursuant to § 1920(2), the per diem fee will be taxed to Plaintiff.

## II. Expert Witness Deposition Fees

Plaintiff objects to recovery of $705.20, representing the costs for transcripts and an

expedited fee for the deposition of expert witness, Kenneth Reagles. She contends that Defendant was directed to pay these costs in the January 19, 2011 Order (Doc. 59), which stated, "Plaintiff shall be permitted to depose the witness provided by Defendant, with reasonable associated costs to be borne by Defendant's counsel." Doc. 59 at 3. This Court agrees. Defendant will not be permitted to recover these fees.

### III. Copies of Depositions

According to Plaintiff, Defendant may not recover the cost of a deposition transcript copy or the cost of a word index and condensed transcript.

As to the transcript copy, Defendant claims that the cost is due to the fact that the first party who orders a transcript is charged $5.00 per page, whereas the second is only $2.50. Doc. 129 at 3. This, however, does not explain why the referenced receipt indicates, "Transcript original and *copy* was at a cost of $5.00 per page at 308 pages = $1,540.00[.]" Doc. 129-1 (emphasis added). Defendant is only entitled to recover the costs of one copy of the transcript. *See, .e.g., Martinez-Pinillos v. Air Flow Filters, Inc.*, No. 09-22453-CV-MARTINEZ, 2010 WL 6121708, at *5-6 (S.D. Fla. Dec. 22, 2010). Accordingly, Plaintiff will only be taxed for $770.00, the cost of a single copy.

In regard to the word index and condensed transcript, Defendant has neglected to address Plaintiff's objections. Moreover, as these costs appear to be merely for the convenience of counsel, the associated fees of $51.20 and $52.00 are not recoverable.

### IV. Unsupported Deposition Copies

Plaintiff contests the deposition transcript costs of several witnesses because Defendant did not attach the respective invoices to its motion. While Defendant has remedied the error by

3

attaching the invoices to the its Reply, *see* Doc. 129-2, a review of the documents reveals that the itemized costs include two $30.00 charges for condensed transcripts. Defendant is not permitted to recover these fees for the same reasons identified in section III.

## V. Witness Fees

Plaintiff does not object to most of the witness fees contained in the bill of costs, however, she states that "it does not appear" Defendant reduced the fees by the amount paid by Plaintiff. Doc. 125 at 3. In its reply, Defendant provides calculations for the contested witness fees, including a subtraction of those paid by Plaintiff. *See* Doc. 129 at 3. Accordingly, the full $1,105.69 in fees for witnesses will be taxed to Plaintiff, pursuant to § 1920(3).

## VI. Mediation Costs

Lastly, Plaintiff objects to the reimbursement of mediation fees. Though Defendant argues it should be entitled to mediation costs because mediation was required by the Court, it fails to provide any support for this distinction. *Cf. Van Voorhis v. Hillsborough Bd. of Cnty. Comm'rs*, No. 8:06-cv-1171-T-TBM, 2008 WL 2790244, at *4 (M.D. Fla. July 18, 2008) ("Despite the fact that mediation is often court ordered, § 1920 does not contemplate the costs of mediation."). Defendant will, therefore, not be reimbursed $1,493.00 for mediation expenses.

Accordingly, it is **ORDERED and ADJUDGED**:

1. Defendant's Motion for Bill of Costs (Doc. 122) is **GRANTED in part and DENIED in part**;

2. Pursuant to Fed. R. Civ. P. 54(d)(1) and Fla. Stat. § 57.041, the Defendant is the prevailing party and is entitled to tax costs against the Plaintiff;

3. The Clerk of the Court is directed to tax costs against the Plaintiff;

4. The Defendant is awarded costs in the total amount of $7,978.55, calculated as follows: $350.00 for fees of the Clerk; $3,807.19 for printed or electronically recorded transcripts necessarily obtained for use in the case; $1,105.69 for witness fees; and $2,715.67 for fees associated with exemplifications and copies of papers necessarily obtained for use in the case; and

5. The Clerk of the Court is directed to **CLOSE** this case.

**DONE AND ENTERED** at Jacksonville, Florida, this _____ day of December, 2011.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:
Thomas A. Delegal, III, Esq.
Wendy Elizabeth Byndloss, Esq.
Helen Anne Palladeno, Esq.
Monica J. Williams, Esq.